J-S68033-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
SALINA MICHELLE GARLAND :
:
Appellant : No. 601 WDA 2018

Appeal from the PCRA Order April 3, 2018
In the Court of Common Pleas of Cambria County Criminal Division at
No(s): CP-11-CR-0002357-2015

BEFORE: SHOGAN, J., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.: FILED FEBRUARY 1, 2019

Appellant, Salina Michelle Garland, appeals from the April 3, 2018, order entered in the Court of Common Pleas of Cambria County denying her petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. After a careful review, we vacate the April 3, 2018, order and remand for additional proceedings.

The relevant facts and procedural history are as follows: On March 15, 2017, a jury convicted Appellant, who was represented by Assistant Public Defender John Lovette, Esquire, of manufacture, delivery, or possession with the intent to deliver a controlled substance ("PWID"), intentional possession of a controlled substance, and criminal use of a communication facility.[1] On

_____

[1] 35 P.S. § 780-113(a)(30) and (16); 18 Pa.C.S.A. § 7512(a), respectively.

_____

* Former Justice specially assigned to the Superior Court.

May 31, 2017, the trial court sentenced Appellant, who was still represented by Assistant Public Defender Lovette, to an aggregate of 16 months to 120 months in prison.

On June 9, 2017, Appellant filed a pro se document, which she entitled "Petition for Post-Conviction Collateral Relief." Therein, Appellant averred that she was convicted based upon false evidence, the evidence was insufficient to sustain her conviction for PWID, and her sentence was excessive. The lower court appointed Francis Wymard, Esquire, to represent Appellant and scheduled a PCRA hearing. On August 10, 2017, Attorney Wymard filed a petition seeking to withdraw his representation, as well as a Turner/Finley[2] no-merit letter. That same date, the PCRA court granted Attorney Wymard's petition to withdraw and denied Appellant's pro se motion without a hearing under the auspices of the PCRA.

Although the lower court granted Attorney Wymard's petition to withdraw on August 10, 2017, Attorney Wymard inexplicably filed a notice of appeal, as well as a motion for the appointment of new counsel, on September 6, 2017. The lower court granted the motion for new counsel and appointed

_____

[2] Commonwealth v. Turner, 518 Pa. 491, 544 A.2d 927 (1988); Commonwealth v. Finley, 550 A.2d 213 (Pa.Super. 1988) (en banc).

Timothy Sean Burns, Esquire, to assist Appellant on appeal.[3]   Thereafter, on November 29, 2017, Attorney Burns filed a praecipe in this Court to discontinue the appeal.

On December 11, 2017, Attorney Burns filed on behalf of Appellant a timely PCRA petition in which he sought the reinstatement of Appellant's post-sentence and direct appeal rights.   On April 3, 2018, without providing Appellant with notice of its intent to dismiss under Pa.R.Crim.P. 907, the PCRA court denied Appellant's counseled PCRA petition.  On April 19, 2018, Attorney Burns simultaneously filed the instant notice of appeal and a Pa.R.A.P. 1925(b) statement on behalf of Appellant.

Thereafter, the PCRA court filed an opinion pursuant to Pa.R.A.P. 1925(a) indicating that Appellant's counseled, December 11, 2017, petition constituted a second PCRA petition, and all of Appellant's claims were either previously litigated or waived.  See PCRA Court Opinion, filed 6/15/18.

On appeal, Appellant presents the following issue:

> Whether the [PCRA] court erred in dismissing the Appellant's PCRA petition on the basis that her PCRA claims had been waived [or previously litigated]?

_____

[3] On October 16, 2017, Attorney Wymard, who had already been granted permission to withdraw, filed a "Praecipe for Withdrawal of Appearance without Leave of Court Pursuant to Rule 1012(b)(2)(i)."

Appellant's Brief at 4.[4]

Before reaching the merits of this claim, we first note the lower court erred in treating Appellant's June 9, 2017, pro se motion as a first petition under the PCRA. "The PCRA provides petitioners with a means of collateral review, but has no applicability until the judgment of sentence becomes final." Commonwealth v. Kubis, 808 A.2d 196, 198 n.4 (Pa.Super. 2002). Thus, a "premature petition" filed before the judgment of sentence becomes final "does not constitute a first PCRA petition." Id. A judgment of sentence is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking review." 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a) (noting that appeal must be filed within thirty days of the order from which the appeal is taken). Here, Appellant was sentenced on May 31, 2017, and she filed her pro se motion nine days later, on June 9, 2017, prior to her judgment of sentence becoming final.[5] Accordingly, the PCRA did not provide a means of review for the June 9, 2017, pro se motion.

───────────────────────────

[4] This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence and is free of legal error. Commonwealth v. Ragan, 592 Pa. 217, 923 A.2d 1169 (2007).

[5] Moreover, we note the claims raised therein are largely of the type presented in a post-sentence motion and are not cognizable under the PCRA. See

The lower court should have treated Appellant's June 9, 2017, pro se motion as a timely post-sentence motion. A written post-sentence motion must be filed within ten days after the imposition of judgment. Pa.R.Crim.P. 720(a)(1). As stated, Appellant filed the June 9, 2017, pro se motion nine days after the imposition of her judgment of sentence, and, thus, it was timely. See id.

We recognize that Appellant filed the timely pro se motion at a time when Assistant Public Defender Lovette remained attached to her case. Pro se filings submitted by counseled defendants are generally treated as legal nullities. Commonwealth v. Ali, 608 Pa. 71, 10 A.3d 282, 293 (2010). However, this Court has recognized that a counseled defendant may act on her own to protect important rights where counsel remains technically attached to the case, but is no longer serving the client's interest. See Commonwealth v. Williams, 151 A.3d 621, 624 (Pa.Super. 2016). Thus, where a defendant has been effectively abandoned, this Court has concluded that a pro se filing does not offend considerations of hybrid representation. See Commonwealth v. Leatherby, 116 A.3d 73 (Pa.Super. 2015).

_____

Commonwealth v. Wrecks, 934 A.2d 1287 (Pa.Super. 2007) (holding discretionary aspects of sentencing claims are not cognizable under the PCRA); Commonwealth v. Deaner, 779 A.2d 578, 580 (Pa.Super. 2001) ("[A] petition raising a claim for which the PCRA does not offer a remedy will not be considered a PCRA petition. Thus, the question [] becomes whether petitioner had an available remedy under the PCRA [.]") (quotation marks and quotation omitted)).

Here, following sentencing, we note with displeasure that Assistant Public Defender Lovette did not file any motions on behalf of Appellant, and he never sought permission to withdraw his representation. In response to Appellant's pro se June 9, 2017, motion, the lower court appointed Attorney Wymard without any indication as to whether Assistant Public Defender Lovette had been permitted to withdraw during the 10-day post-sentence motion period.

Accordingly, at the very least, there is confusion as to whether Appellant was effectively unrepresented when she filed the pro se June 9, 2017, motion, and based on the record before us, we conclude Appellant's pro se June 9, 2017, motion does not offend considerations of hybrid representation. See id.

For all of the foregoing reasons, we conclude the lower court erred in treating Appellant's pro se June 9, 2017, motion as a first PCRA petition as opposed to a timely post-sentence motion. This error, in turn, led to various procedural breakdowns, including the lower court treating Appellant's instant, counseled December 11, 2017, petition as a second petition under the PCRA, thus finding all claims to be waived or previously litigated.

As Appellant was denied her right to post-sentence review due to the lower court's error, we vacate the lower court's April 3, 2018, order, remand this case to the lower court, and direct that it reinstate Appellant's post-sentence rights nunc pro tunc to allow current counsel to file a post-sentence

motion on Appellant's behalf for the trial court's consideration. See Commonwealth v. Borrero, 692 A.2d 158, 161 (Pa.Super. 1997) ("The interests of justice therefore require that the trial court consider [the] appellant's post-sentencing motions on remand, nunc pro tunc.").

Order Vacated; Case remanded for proceedings consistent with this decision; Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  2/1/2019